IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-391-BO

| | | |
|---|---|---|
| SACHIKO ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| USABLE LIFE, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion for summary judgment and plaintiff's request for entry of summary judgment in her favor. The appropriate response and reply have been filed, and the matter is ripe for ruling. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

This case arises under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*. Robert Frank Ellis, the decedent, was employed by May Exterminating Company prior to his death on June 2, 2015. May Exterminating sponsored an employee welfare benefit plan for eligible employees, which included group life and accidental death and dismemberment benefits. These benefits were funded by a group insurance policy issued by defendant to May Exterminating. The group life benefit through the plan was $25,000 and the total amount of accidental death and dismemberment benefit available was $25,000. Following Mr. Ellis' death defendant admitted to liability for the $25,000 in death coverage but has denied liability for accidental death and dismemberment coverage, claiming that Mr. Ellis' death was not the result of an accident as that term is defined by the policy. Plaintiff is the mother of Mr. Ellis

and a beneficiary under both the group life and accidental death and dismemberment benefits. The employee welfare benefit plan grants defendant discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the policy. Plaintiff seeks review of defendant's denial of accidental death and dismemberment benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

Mr. Ellis died after being stung by a bee. A corrected death certificate issued on November 23, 2015, indicates that Mr. Ellis' death was accidental and lists the following causes of death: anoxic encephalopathy, cardiac arrest, anaphylactic response, and bee sting(s). [DE 21-1 at 50].[1] Anoxic encephalopathy is listed as the final disease or condition resulting in death and bee sting(s) is listed as the underlying cause. In denying plaintiff's claim, defendant relied on the bodily infirmity exclusion under the policy. The policy excludes payment of accidental death and dismemberment benefits when a loss is caused directly or indirectly by:

1. disease, bodily or mental infirmity, or infection . . ..

Coverage is further limited to losses due to injury independent of all other causes, and the term accident or injury is defined as

> Accidental bodily injury sustained by the covered person while insured under the policy which is the direct cause of the loss, independent of disease or bodily infirmity or any other cause.

[DE 21-2 at 27; 7].

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

---

[1] The first-issued certificate of death listed Mr. Ellis as having died of natural causes; the causes of death were anoxic encephalopathy, cardiac arrest, anaphylactic shock, hymenoptera envenomation. [DE 21-1 at 27]. An amended certificate of death was issued on November 23, 2015.

2

56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted).

The parties agree that the plan at issue provides defendant with the discretion to interpret the plan language and determine benefit eligibility, and thus that this Court reviews defendant's decision for abuse of discretion. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989); *Woods v. Prudential Ins. Co. of Am.*, 528 F.3d 320, 322 (4th Cir. 2008). When determining whether a plan administrator or fiduciary abused its discretion,

> a court may consider, but is not limited to, such factors as: (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Booth v. Wal-Mart Stores, Inc. Associates Health and Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000). A court cannot disturb the policy administrator's decision if it was reasonable, even if the court would have reached a different conclusion. *Id.* at 341. "The administrator's decision is

3

reasonable if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence, which is evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *DuPerry v. Life Ins. Co. of N.A.*, 632 F.3d 860, 869 (4th Cir. 2011) (internal quotations and citations omitted). A court reviewing the plan administrator's decision for abuse of discretion is generally limited to reviewing the evidence which was before the administrator at the time of the decision. *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995).

Where, as here, the policy language limits coverage to losses by accidents "directly and independently of all other causes," the existence of a preexisting condition which contributes to the loss does not bar recovery under the policy unless the preexisting condition substantially contributes to the loss. *Adkins v. Reliance Standard Life Ins. Co.*, 917 F.2d 794, 797 (4th Cir. 1990). In order to determine whether a preexisting condition substantially contributed to the loss, a court considers "first, whether there is a pre-existing disease, pre-disposition, or susceptibility to injury; and, second, whether this pre-existing condition, pre-disposition, or susceptibility substantially contributed to the disability or loss." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1028 (4th Cir. 1993).

The material facts in this case are not in dispute. Plaintiff agrees that Mr. Ellis had a preexisting condition, namely a known allergy to bee stings. The only question before the Court then is whether Mr. Ellis' bee sting allergy substantially contributed to his death. Plaintiff argues that plaintiff did not die from anaphylaxis caused by his allergy to bee stings, but rather that Mr. Ellis died from cardiac arrest and ensuing anoxic encephalopathy resulting from a bee sting. Defendant contends that Mr. Ellis' bee sting allergy substantially contributed to his death as it caused anaphylaxis which lead to cardiac arrest and anoxic encephalopathy.

4

The Fourth Circuit, although in an unpublished opinion, has addressed the question before this Court. In *Hall v. Metropolitan Life Insurance Company*, 259 F. App'x 589 (4th Cir. 2007), the court of appeals considered whether similar coverage was appropriately denied after the decedent died from a fatal allergic reaction to a bee sting. The insurer in *Hall* applied an exclusion for losses contributed to or caused by a disease or physical impairment to deny accidental death benefits. After finding that the decedent's bee-sting allergy was properly considered a preexisting disease or susceptibility to injury on the first *Quesinberry* prong, the court found as to the second *Quesinberry* prong that "[t]he death certificate and independent physician's report document the fact that the decedent's allergy triggered the anaphylaxis that was the immediate cause of his death." 259 F. App'x at 595. Hall was also diagnosed with cardiac arrest prior to his death, though it does not appear that such diagnosis was listed on the death certificate.

In this case, as to the first *Quesinberry* prong, Mr. Ellis does not contest that his bee sting allergy is a preexisting condition or bodily infirmity. As to the second *Quesinberry* prong, the Court finds it was not an abuse of discretion to conclude that the bee sting allergy substantially contributed to Mr. Ellis' death. As is plain from the revised death certificate, anaphylaxis caused by a bee sting or stings was a cause of Mr. Ellis' death, and the Court has been presented with no evidence from the record to persuade it that anaphylaxis was not a substantial cause, although it was not listed on the death certificate as the immediate cause of death. This case is distinguishable from those which have determined that an underlying physical illness or infirmity was not the cause of death even where the infirmity caused the accident which caused ultimately caused the death. For example, in *Kellogg v. Metropolitan Life Insurance Company*, 549 F.3d 818 (10th Cir. 2008), the Tenth Circuit held that although the decedent's seizure while driving was the cause of the car accident, death was caused by a skull fracture resulting from the car accident, not by the

5

decedent's seizure disorder. 549 F.3d at 832; *see also Ferguson v. United of Omaha Life Ins. Co.*, 3 F. Supp. 3d 474, 488 (D. Md. 2014) (accidental death and dismemberment benefits payable where decedent died of accidental drowning, irrespective of cause of drowning, including a seizure in the water); *Genal v. Prudential Ins. Co. of Am.*, No. CA 6:11-182-TMC, 2012 WL 2871777, at *5 (D.S.C. July 12, 2012) (holding that decedent's multiple sclerosis, which caused him to use a motorized scooter, was not a substantial cause of his death after he fell from the scooter outside, was unable to get up, and died from heat exposure). The *Kellogg* court noted that "[t]he Plan does not contain an exclusion for losses due to accidents that were caused by physical illness, but rather excludes only losses caused by physical illness." *Id.*

Here, the accident, that is the bee sting, caused Mr. Ellis' anaphylaxis, which was a substantial cause of his death. The Court finds that the policy administrator did not abuse its discretion and defendant is entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [DE 19] is GRANTED. The clerk is DIRECTED to enter judgment and close the file.

SO ORDERED, this **27** day of September, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6